**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CHAPTER 11 |
| ZEROHOLDING, LLC., | : | |
| | : | CASE NO. 22-56502-JWC |
| Debtor. | : | |
| | : | |
| | : | |
| MARY IDA TOWNSEND, as UNITED STATES TRUSTEE FOR REGION 21, | : | |
| | : | |
| Objector/Movant, | : | |
| | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| ROUNTREE LEITMAN KLEIN & GEER, LLC, | : | |
| | : | |
| Applicant/Respondent, | : | |

**RESPONSE TO UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S APPLICATION TO APPROVE EMPLOYMENT OF DEBTOR'S ATTORNEYS**

COMES NOW Rountree Leitman Klein & Geer, LLC ("**RLKG**") for the bankruptcy estate of Zeroholding, LLC, (the "**Debtor**"), and files this Response to the United States Trustee (the "**UST**")'s Objection to the Debtor's Application to Approve Employment of Debtor's Attorneys (the "**Objection**"). In support of this Response, the Debtor respectfully shows the Court as follows:

**INTRODUCTION**

Using its business judgment, the Debtor selected RLKG to be its attorneys in the above captioned bankruptcy case. Any potential conflict stemming from RLKG's representation of Curepoint, LLC, a debtor and debtor-in-possession in a currently pending Chapter 11 bankruptcy case [Case No. 22-56501-JWC], is waivable and does not prevent employment of RLKG for

1

both Debtors. Further, the Debtors may resolve any possible conflict by retaining special conflicts counsel as to the pursuit of any claims between these debtors. For the reasons explained below, RLKG respectfully requests that this Court grant the Debtor's application to employ RLKG in this bankruptcy case and overrule the UST's Objection.

## GENERAL BACKGROUND AND PROCEDURAL HISTORY

As the Debtor originally set out in its application to employ RLKG as its attorneys in this case [Doc. 32] (the "**Application**"), the Debtor initiated this Bankruptcy Case by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code[1] on August 19, 2022 (the "**Petition Date**"). Prior to the Petition Date, the Debtor operated a carpet and surface cleaning company. The Debtor-in-Possession has continued to operate and manage its affairs since the Petition Date, and no request for the appointment of a Chapter 11 trustee has been filed.

As disclosed numerous times throughout the pendency of this case, and as disclosed in the Debtor's Supplement to Application to Approve Employment of Debtor's Attorneys [Doc. 45] (the "**Supplemental Application**"), RLKG also represents Curepoint, LLC in case number 22-56501-JWC, another case currently pending before this Court. As further disclosed in the Supplemental Application, the Debtor paid the retainer for Curepoint's counsel in its case. Finally, the Debtor disclosed in the Statement of Financial Affairs [Doc. 35] that Curepoint and the Debtor made several transfers among themselves prior to the Petition Date.

Based upon the disclosures made in the Statement of Financial Affairs and testimony at the Debtor's § 341 meeting of creditors, the UST filed an objection to RLKG's employment, citing a conflict of interest which it asserts cannot be waived and the omission of RLKG's

---

[1] Unless otherwise indicated, all statutory references contained herein will be to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*; all references to a Federal Rule are to the Federal Rules of Civil Procedure; and all references to a Bankruptcy Rule are to the Federal Rules of Bankruptcy Procedure.

2

newest partner who is a member of the panel of the Chapter 7 Trustees in this district. For the following reasons, the Court should overrule the Objection.

## ARGUMENT AND CITATION OF AUTHORITY

**A. The Supplemental Application Corrects Any Deficiency in RLKG's Initial Disclosures.**

In its objection, the UST took issue with RLKG's omission of Michael Bargar, RLKG's newest partner, from the list of attorneys at the firm, along with his status as a Chapter 7 Trustee for the Northern District of Georgia. Mr. Bargar joined the firm in early August 2022. A template from just before Mr. Bargar joined the firm was used in drafting the application, and thus his name and status as a Chapter 7 Trustee were unintentionally omitted. The Supplemental Application corrects the error.

Further, the Supplemental Application clarifies that the Debtor paid RLKG's retainer for Curepoint, contrary to RLKG's instructions to each debtor that each was to pay its own retainer. Curepoint is currently amending its schedules and will include such transaction in its amendments. In the interest of avoiding any uncertainty and out of abundance of caution, RLKG is returning the retainer received from the Debtor on behalf of Curepoint.

Moreover, the Supplemental Application clarifies that RLKG also represents Curepoint in its own chapter 11 case. It explains that Curepoint and the Debtor are possible creditors of each other, and that funds had been routinely transferred between the two entities in the past prior to the Petition Date. The Debtor is still analyzing the merits of an avoidance action against Curepoint, and at this point, has not determined, in its business judgment, that pursuit of such a claim is in the best interest of the Debtor or the estate. The Debtor is currently developing a plan of reorganization, and Curepoint is currently pursuing a "363" sale of substantially all of its assets. For the reasons outlined in the next section, should that determination change, the

appropriate resolution is to retain special conflicts counsel to represent the Debtor and Curepoint with respect to their potential claims against each other.

### B. Any Possible Conflict of Interest Is Waivable and Does Not Disqualify RLKG.

Here, that the two debtors possibly have claims against each other does not rise to an unwaivable, actual conflict of interest. In its objection, the UST correctly identifies the standard this Court should apply when evaluating whether RLKG should be disqualified: "(1) at least a reasonable possibility that some specifically identifiable impropriety did occur; and (2) the likelihood of public suspicion or obloquy outweigh[s] the social interest which will be served by a lawyer's continued participation in a particular case." *In re Memory Lane Assisted Living of Bowdon, LLC*, 2017 Bankr. LEXIS 2252 at *20 (Bankr. N.D. Ga. 2017) (internal quotation marks and citations omitted) (Drake, J.). The UST then cites to Georgia Rule of Professional Conduct 1.7(a) (the "**Professional Rules**"), which provides that lawyers "shall not represent or continue to represent a client if there is a significant risk that the lawyer's own interests or the lawyer's duties to another client, a former client, or a third person will materially and adversely affect the representation of the client, except as permitted in (b)." Subsection (b) of that rule states that conflicts may be waived with informed consent, confirmed by the client in writing after they have had an opportunity to consult independent counsel. However, Professional Rule 1.7(c) lists three exceptions to a client's ability to waive a conflict with informed consent.[2] The UST argues that because the Debtor may need to investigate preferences under § 547 involving Curepoint, an unwaivable conflict of interest is created. However, such possible, potential

---

[2] Those exceptions are: 1) when the representation is otherwise prohibited by the Rules of Professional Conduct or other law; 2) when the representation will include "the assertion of a claim by one client against another client represented by the lawyer in the same or substantially related proceeding"; and 3) when the representation involves "circumstances rendering it reasonably unlikely that the lawyer will be able to provide adequate representation to one or more of the affected clients." Ga. R. Pro. Conduct 1.7(c).

4

conflict does not disqualify RLKG from representing both the Debtor and Curepoint in their respective chapter 11 cases.

No actual, unwaivable conflict of interest has arisen that would disqualify RLKG.[3] As Judge Drake explained in *Memory Lane*, "[t]he distinction between actual and potential conflicts is critical, as a potential conflict of interest generally is not disqualifying as long as no actual conflict of interest develops." 2017 Bankr. LEXIS 2252 at *20. In that case, a creditor of the debtors objected to debtors' counsel's application for fees, arguing that it was not disinterested because the debtors had transferred money to each other pre- and postpetition. In determining whether to approve employment of debtors' counsel, the court held the failure to "pursue avoidance actions against each other or against [the debtors' principal] . . . is not sufficient, on its own, to call [counsel's] disinterestedness into question. Instead, this failure 'at best...raises questions of business judgment,' and the Court will 'not interfere with such business judgment absent bad faith or abuse.'" *Id.* at *22. Despite multiple debtors "transferring and intermingling funds among themselves," Judge Drake nevertheless found that the better course was to wait and see if actual conflicts develop, rather than deny the application to employ. *Id.* at *16. Such approach is also appropriate here, where the Debtors have transferred funds amongst themselves prior to the Petition Date but have not yet determined that the cost of such avoidance actions would outweigh the benefit they would bring to the estate of either Debtor.

Indeed, bankruptcy courts in several other circuits agree with Judge Drake's holdings in

---

[3] Judge Drake has held that "failure to comply with Rule 2014 does not result in automatic disqualification." *In re Memory Lane Assisted Living of Bowdon LLC*, 2017 Bankr. LEXIS 2252, at *13-14 (Bankr. N.D. Ga. Aug. 11, 2017). Here, RLKG rectified the disclosure of the possible claims between these Debtors in the Supplemental Application. RLKG would further note that it disclosed the transfers between the entities in the Statement of Financial Affairs after reviewing the Debtor's and Curepoint's bank records and submitted a ledger to the UST showing such transfers, at which time it was discovered that such possible claims existed. Debtor's counsel must commonly supplement its analysis of the relationship among debtors post-petition, especially when such debtors must file their petition for relief in emergency circumstances and failing to file in a timely fashion would be a breach of counsel's ethical duties to its clients. RLKG did not intentionally omit these disclosures and has since remedied them.

*Memory Lane*. *See In re Petters Co., Inc*, 401 B.R. 391, 412 (Bankr. D. Minn. 2009) ("The real issue is whether the conflicts bode actual and particularized prejudice--real detriment--to the creditors of one of the debtors, or to a particular creditor-constituency of one of the debtors…"); *In re Mirant Corp.*, 314 B.R. 555, n.11 (Bankr. N.D. Tex. 2004) (citing *In re Global Marine, Inc.*, 108 B.R. 998, 1004 (Bankr. S.D. Tex. 1987)) ("[M]ere existence of inter-company claims between related debtors not sufficient grounds requiring disqualification of firm representing multiple debtors…"); *In re Wheatfield Bus. Park LLC*, 286 B.R. 412 (Bankr. C.D. Cal. 2002) (holding that attorney may represent multiple debtors with possible conflicts upon notice and opportunity to object); 3 Collier on Bankruptcy P 327.04[5][a] (15th ed. rev. 1998) ("The case law suggests that, rather than disapproving of multi-debtor representation as a per se conflict, courts generally examine the factual circumstances surrounding the representation to determine whether it is appropriate."). Moreover, § 327(c) provides that "a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor." 11 U.S.C. § 327(c). Here, as disclosed in the Debtor's Statement of Financial Affairs, some prepetition transfers between the Debtor and Curepoint do exist. And, as disclosed in the Supplemental Application, RLKG and the Debtor are conducting an analysis to determine if any preference or fraudulent transfer actions are warranted. At this time, the Debtor has not so determined, and it remains unclear as to whether any actual conflict will arise between the two entities. Accordingly, under Professional Rule 1.7, no conflict presently prevents RLKG from representing both the Debtor and Curepoint.

The UST asserts no other law other than Professional Rule 1.7 which would prohibit RLKG from representing both entities. Moreover, the UST has not pointed to any circumstances that would materially limit RLKG's ability to provide adequate representation to both clients,

6

aside from the Debtor's potential claim against Curepoint. The Debtor's decision not to bring a preference or fraudulent transfer action "raises questions of business judgment", and this Court and the UST should not interfere with the Debtor's business judgment "absent bad faith or abuse." *In re Memory Lane Assisted Living of Bowdon LLC*, 2017 Bankr. LEXIS 2252 at *22 (Bankr. N.D. Ga. 2017). Neither bad faith nor abuse has been alleged or shown, especially considering the disclosures already made in this case. Should the potential conflict ripen into an actual conflict, the Debtor and Curepoint will obtain special conflicts counsel regarding their claims against each other to the extent this Court deems necessary. *See In re Wheatfield Bus. Park LLC*, 286 B.R. 412, 423 (Bankr. C.D. Cal. 2002) ("[T]he appointment of special counsel to deal with that transaction may be sufficient to permit a single attorney or law firm to represent the related entities as their general chapter 11 counsel."). Accordingly, the possible–and waivable–conflict between these Debtors should not prevent their employment of their chosen counsel, and should any actual conflict arise, the Debtor and RLKG will take remedial actions to avoid RLKG's disqualification as general bankruptcy counsel.

The UST has not pointed to any specific instances of impropriety, only that Debtor and Curepoint regularly loaned funds to each other pre-petition. These transfers were disclosed in the Debtor's Statement of Financial Affairs, and the relationship was disclosed in the Supplemental Application. Further, even if this Court were to find that an appearance of impropriety existed, counsel should only be disqualified if "the likelihood of public suspicion or obloquy outweigh[s] the social interest which will be served by a lawyer's continued participation in a particular case." *Memory Lane*, 2017 Bankr. LEXIS 2252 at *20. Here, the likelihood of public suspicion is very low. Multiple creditors of both Debtors support RLKG's employment in both cases, as ensuring that the Debtors have competent counsel is a benefit to both debtors and creditors alike.

7

The social interest advanced by RLKG's continued participation is strong. Having spent numerous hours of attorney and staff time working on the Debtor's schedules, first day motions, and other filings, RLKG's familiarity with the case is an asset to the estate. Further, given that creditors of both the Debtor's and Curepoint's estates have already obtained counsel, many other firms could be similarly conflicted out of representing the Debtor should this Court disqualify RLKG. In conclusion, no conflict of interest currently exists prohibiting RLKG from representing both the Debtor and Curepoint in their respective bankruptcy cases. Should the Debtor or Curepoint determine that any actions between the entities are warranted, the Debtor and Curepoint will obtain conflicts counsel to the extent this Court deems necessary to resolve such claims.

## CONCLUSION

For the reasons set forth above, the Court should overrule the UST's Objection and authorize RLKG to act as Debtor's attorneys in this case.

Dated: September 21, 2022                    **ROUNTREE LEITMAN KLEIN & GEER, LLC**

/s/ Caitlyn Powers
William A. Rountree, Ga. Bar No. 616503
Will B. Geer, Ga. Bar No. 940493
Caitlyn Powers, Ga. Bar No. 856354
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
(404) 581-5038 Facsimile
wrountree@rlkglaw.com
wgeer@rlkglaw.com
cpowers@rlkglaw.com
*Proposed Attorneys for Debtor*

# CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing pleading by filing a copy of same with the Court's CM/ECF Filing System, which will automatically send copy of same to the following parties:

- **Taylor L. Dove**   tdove@huntermaclean.com, aharris@huntermaclean.com; lpadgett@huntermaclean.com
- **David A. Garland**   dgarland@mcdr-law.com, dgarland@mcdr-law.com; hjohnson@mcdr-law.com
- **Brian P. Hall**   bhall@sgrlaw.com, sgr.notifications@gmail.com
- **Todd Eugene Hennings**   thennings@maceywilensky.com, cteh11@trustesolutions.net; hcrowder@maceywilensky.com
- **Michael F. Holbein**   mholbein@sgrlaw.com
- **Lindsay P. S. Kolba**   lindsay.p.kolba@usdoj.gov
- **J. Michael Levengood**   mlevengood@levengoodlaw.com, MichaelJR68751@notify.bestcase.com
- **Francesca Macchiaverna**   fmacchiaverna@huntermaclean.com, aharris@huntermaclean.com; lpadgett@huntermaclean.com
- **Leslie M. Pineyro**   lpineyro@joneswalden.com, jwdistribution@joneswalden.com; ljones@joneswalden.com; cmccord@joneswalden.com; arich@joneswalden.com; ewooden@joneswalden.com
- **Aaron P.M. Tady**   atady@colesbarton.com, mjohnston@colesbarton.com; epoole@colesbarton.com; tbarton@colesbarton.com; tbrandenburg@colesbarton.com
- **Fred B. Wachter**   fbwachter@wachterlaw.com

Dated: September 21, 2022

**ROUNTREE LEITMAN KLEIN & GEER, LLC**

*/s/ Caitlyn Powers*
William A. Rountree, Ga. Bar No. 616503
Will B. Geer, Ga. Bar No. 940493
Caitlyn Powers, Ga. Bar No. 856354
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
(404) 581-5038 Facsimile
wrountree@rlkglaw.com
wgeer@rlkglaw.com
cpowers@rlkglaw.com
*Proposed Attorneys for Debtor*