# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **ZEROHOLDING, LLC** ) | CHAPTER 11 |
| ) | |
| **Debtor.** ) | CASE NO. 22-56502-jwc |
| ) | |
| ) | |

## OMNIBUS OBJECTION TO CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION

NOW COME Premium Merchant Funding 18, LLC, PointOne Capital, LLC and Secure Capital, LLC (collectively referred to herein as the "Funders"), by and through their undersigned counsel, and file their Omnibus Objection to Confirmation of Debtor's Plan of Reorganization showing this Court as follows:

1. Prior to filing bankruptcy, the Debtor entered into Agreements with the Funders under which the Funders purchased Receipts, as that term is defined in the Agreements, from the Debtor. *See* Claim Nos. 11, 12 and 13.

2. As the transactions between the Debtor and Funders were purchase and sale transactions, the Funders obtained security interests in the Receipts they purchased from the Debtor that arose by operation of law and was perfected on attachment. *See* UCC §§1-201(37), 9-109(a)(3) and 9-309. A UCC-1 Financing Statement did not need to be filed by any of the Funders to perfect their security interests in the Receipts they purchased from the Debtor. Nevertheless, all of the Funders filed UCC-1 Financing Statements for the purpose of putting others on notice of their transactions with the Debtor.

3. The Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on August 19, 2022.

4888-4006-8177 v1

4. The Debtor's Chapter 11 Plan of Reorganization asserts that the Funders claims are not secured solely because they did not file UCC-1 Financing Statements in Nevada.

5. As previously stated, UCC-1 Financing Statements did not need to be filed to perfect the Funders' security interests in the Receipts they purchased from the Debtor. The Funders' security interests in the Receipts (which fall into the definition of accounts and/or proceeds of accounts under Article 9 of the Uniform Commercial Code) were perfected on attachment pursuant to UCC §9-309.

6. What's more, the Debtor has not even attempted to dispute the validity of the Funders' security interests using the proper method (i.e.- filing an adversary proceeding pursuant to Fed. R. Bankr. P. 7001(2)) in this case. The Debtor cannot litigate lien validity issues through the Plan – what the Debtor raises is not simply an issue of valuation of collateral, but rather, calls into question the validity of the Funders' liens.

7. The Funders object to confirmation of the Plan of Reorganization because it does not provide for payment in full of their secured claims as required by 11 U.S.C. §§1191 and 1129(b)(2)(A)(i)(II) and, instead, erroneously asserts that the Funders' claims are unsecured.

8. It is also worth noting that due to the nature of the transactions between the Debtor and the Funders the value of the Funders' collateral (*i.e.* the Receipts) for the purpose of 11 U.S.C. § 506 is not determined as of the petition date because their security interests in the Receipts did not arise via a security agreement and, as such, are not subject to 11 U.S.C. § 552. See, e.g. *In re Saunders*, 112 B.R. 844, 845 (Bankr. W.D. Tex. 1990); *In re Raylin Dev. Co.,* 110 B.R. 259, 261 (Bankr. W.D. Tex. 1989); *Matter of Sandy Ridge Dev. Corp.,* 881 F.2d 1346, 1354 (5th Cir. 1989); *In re Spacek*, 112 B.R. 162, 163 (Bankr. W.D. Tex. 1990). The reality is that as

long as the Debtor continues to operate and generate Receipts the Funders' claims are fully secured and should be treated as such.

WHEREFORE, the Funders' respectfully request that this Honorable Court deny confirmation of the Debtor's Plan of Reorganization and grant such other and further relief as the Court deems just and proper.

This 16th day of February, 2023.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

*/s/ Taylor L. Dove*

| | |
|---|---|
| 200 E. Saint Julian Street | Francesca Macchiaverna, Esq. |
| Post Office Box 9848 | Georgia Bar No. 462924 |
| Savannah, GA 31412-0048 | Taylor L. Dove |
| Telephone: (912) 236-0261 | Georgia Bar No. 993210 |
| Email: tdove@huntermaclean.com | |

4888-4006-8177 v1

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **OMNIBUS OBJECTION TO CONFIRMATION OF DEBTOR'S PLAN OF REORGANIZATION** upon all parties of record to this matter via the CM/ECF system which will send a notice of electronic filing.

I further certify that I have caused a copy of this document to be served via U.S. Mail, with adequate postage pre-paid to the following parties:

Zeroholding, LLC
11175 Cicero Drive, Ste. 100
Alpharetta, GA 30022

This 16th day of February, 2023.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

*/s/ Taylor L. Dove*
Taylor L. Dove
Georgia Bar No. 993210

200 E. Saint Julian Street
Post Office Box 9848
Savannah, GA 31412-0048
Telephone: (912) 236-0261
Email: tdove@huntermaclean.com

4888-4006-8177 v1